# STATE OF MICHIGAN

# COURT OF APPEALS

In re OBILLE, Minors.

UNPUBLISHED
July 12, 2018

No. 341821
Oakland Circuit Court
Family Division
LC No. 2016-844054-NA

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court's order terminating her parental rights to the three minor children—FEO, TDO, and CBO—pursuant to MCL 712A.19b(3)(f). We affirm.

Petitioners are the maternal grandparents of the minor children. They were appointed as the legal guardians of FEO on November 9, 2005, when she was one year old, and of TDO and CBO on June 3, 2009, when TDO was two years old and CBO was one year old. Petitioners filed this termination petition in July 2016. After a termination hearing, which began in April 2017, and a best-interest hearing, which concluded on October 3, 2017, the trial court terminated respondent's parental rights.[1] Respondent now argues that the trial court's decision is clearly erroneous and contrary to the children's best interests.

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds listed in MCL 712A.19b(3) has been established by clear and convincing evidence. *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). If the court finds that a statutory ground for termination exists and that termination of parental rights is in the children's best interests, the court shall order termination of parental rights. MCL 712A.19b(5). This court reviews for clear error a trial court's findings regarding both the existence of a statutory ground for termination and the children's best interests. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000); see also MCR 3.977(K). A finding is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *In re Miller*, 433 Mich

---

[1] The parental rights of the children's father were also terminated, but he has not appealed.

331, 337; 445 NW2d 161 (1989). This Court gives deference to a trial court's special opportunity to observe and judge the credibility of the witnesses. *Id*.

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(f), which provides that the court may terminate parental rights when a child has a legal guardian and both of the following have occurred:

> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

The petitioner must prove both subsections (*i*) and (*ii*) by clear and convincing evidence before termination can be ordered. *In re ALZ*, 247 Mich App 264, 272; 636 NW2d 284 (2001); *In re Hill*, 221 Mich App 683, 691; 562 NW2d 254 (1997).

MCL 712A.19b(3)(f)(*i*) addresses two independent situations: (1) whether the respondent provided regular and substantial support when able to do so, and (2) whether the respondent substantially complied with a support order if one had been entered. See *In re Newton*, 238 Mich App 486, 490-491; 606 NW2d 34 (1999). Here, the record shows that respondent did not provide regular and substantial support for the children from July 1, 2014, through July 1, 2016. Although she blamed petitioners for turning down her offers of money, the record shows that respondent never paid for gas when the petitioner-grandmother asked, even though the grandmother was driving respondent to and from work. Moreover, while the record reflects that respondent occasionally gave the children Christmas toys, school supplies, and some items of clothing, these gifts were sporadic and inconsistent, and they did not constitute regular and substantial support. As the trial court correctly found, respondent was employed while the children were with petitioners, yet she admitted to not providing support for the children. Therefore, the trial court did not clearly err in finding that MCL 712A.19b(3)(f)(*i*) was proven by clear and convincing evidence.

MCL 712A.19b(3)(f)(*ii*) considers whether the respondent maintained a relationship with the child by visiting, contacting, or otherwise communicating, if respondent had the ability to do so. Because the statute phrases "visit, contact, or communicate" in the disjunctive, petitioners were not required to prove that respondent had the ability to perform all three acts, but rather that she had the ability to perform one of the acts and failed or neglected to regularly and substantially do so, without good cause, for two or more years preceding the filing of the petition. See *In re Hill*, 221 Mich App at 694.

Since July 2014, respondent had lived a few miles from petitioners and the children. Respondent testified she had three cars she could utilize to visit her children. Contrary to

respondent's claim that petitioners refused to allow respondent to visit the children, the record shows that respondent only initiated four contacts with the children in an effort to see them. The trial court properly found that these encounters were random, and not regular or frequent. The court aptly noted that petitioners—not respondent—initiated most of the contact. Respondent cannot claim she has been in "regular and substantial" contact with her children as contemplated by MCL 712A.19b(3)(f) when petitioners were the ones creating the circumstances for the sporadic contact between respondent and her children. Regardless of respondent's reason for not visiting the children, the trial court appropriately found it unreasonable for respondent to try to defeat this petition because she "tried" to visit with the children and was prevented from doing so. The evidence at trial demonstrated that petitioners declined respondent's requests to see the children in two instances, but on both occasions respondent's requests were last minute and the children were unavailable. Moreover, and somewhat telling, respondent never attempted to reschedule the visits at a time that could accommodate the children's, petitioners, and respondent's schedules. Therefore, the trial court properly concluded that respondent failed to prove that she was "denied" access to visiting her children in those instances. Further, no evidence was presented to show that respondent regularly called or made any other effort to regularly communicate with the children. Accordingly, the trial court did not clearly err in finding that § 19b(3)(f)(*ii*) was proven by clear and convincing evidence.

The trial court also did not err in its determination that termination of parental rights was in the best interests of the children. "[T]he focus at the best-interest stage" is on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). The trial court should weigh all the evidence available to it in determining the child's best interests, *In re Trejo*, 462 Mich at 364, and may consider such factors as the child's need for permanency, stability, and finality, the advantages of the current placement over the parent's home, and the child's bond with the parent. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

The record shows that the children do not, and never have had, any kind of relationship with respondent. The psychological evaluation of the children showed they had concerns and anxieties surrounding the possibility of a change in placement or unsupervised contact with respondent. The children did not view their parents, including respondent, as central figures in their lives. They felt rejected by respondent and had few positive emotions toward their biological parents in general.

The psychological evaluation of the children also indicated that the children were in need of permanence. The psychological evaluator opined that, if termination of parental rights could facilitate permanence, it was in the best interests of the children. Respondent now claims that she can provide stability and permanence. But contrary to respondent's claim, as the trial court aptly noted, given that another court found respondent unfit to care for animals,[2] the trial court

---

[2] Respondent admitted that criminal charges of animal neglect had been filed against her and she was on probation relating to those charges.

would be remiss to believe respondent had the capacity, insight, or ability to care for three more children.

In contrast, no issues have been identified with the children's placement with petitioners. Petitioners have been able to provide for all three children, without the assistance of their parents, since the children were very young. The trial court specifically recognized that the children were in a relative placement, stating that the children's guardians were their maternal grandparents who were pursuing adoption. The trial court also found that the children had only known petitioners as their care providers and role models and that the children had never looked to anyone else but petitioners to provide care, comfort, parental necessities, and support. Respondent does not contest these findings on appeal. In sum, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan